UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
JOSELYN M.,

                      Plaintiff,        <u>DECISION AND ORDER</u>
                                               1:24-CV-08756-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

    In September of 2021, Plaintiff Joselyn M.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Severance, Burko & Spalter, P.C., Louis Ronald Burko, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

    This case was referred to the undersigned on October 17, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 15). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on September 9, 2021, alleging disability beginning June 1, 2018. (T at 109, 131, 250-63).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on March 21, 2023, before ALJ Moises Penalver. (T at 34-60). Plaintiff appeared with an attorney and testified. (T at 40-59).

A further hearing was held on July 13, 2023. (T at 61-94).  Plaintiff appeared with her attorney and offered additional testimony. (T at 67-75, 78-81, 87).  The ALJ also received testimony from April Rosenblatt, a vocational expert. (T at 81-92).

### B. ALJ's Decision

On January 23, 2024, the ALJ issued a decision denying the application for benefits. (T at 12-33).  The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2023 (the date last insured). (T at 17).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 9.

The ALJ found that Plaintiff briefly engaged in substantial gainful activity after June 1, 2018 (the alleged onset date) but determined that it was an unsuccessful work attempt and, therefore, was not relevant to the disability determination. (T at 17-18).

The ALJ concluded that Plaintiff's right De Quervain's tenosynovitis; degenerative disc disease of the cervical spine; lumbar derangement; headaches with episodic vertigo and hearing loss; generalized anxiety disorder; and bipolar depressive disorder were severe impairments as defined under the Act. (T at 18).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can lift or carry up to 20 pounds occasionally and 10 pounds frequently; stand or walk up to 4 hours total in an eight-hour workday; sit up to 6 hours in a workday, with regularly scheduled breaks; occasionally push/pull objects bilaterally up to her strength limitations; never balance or climb

ladders/ropes/scaffolds; and occasionally stoop, crouch, crawl, and climb stairs/ramps. (T at 20).

The ALJ further found that Plaintiff must avoid constant rotation, flexion, and extension of the neck; can reach frequently with both upper extremities, but is limited to occasional overhead reaching bilaterally; can perform frequent handling and fingering with the dominant right upper extremity; but must avoid concentrated and frequent exposure to noise above the moderate level and all exposure to dangerous moving machinery and unprotected heights. (T at 20).

In addition, the ALJ concluded that Plaintiff was limited to "low stress jobs," defined as positions with no more than occasional changes in the work setting; with one unscheduled absence per 60 days due to a combination of medical conditions; and with the employer tolerating Plaintiff being off task up to 5% of the workday in addition to regularly scheduled breaks. (T at 20).

The ALJ concluded that Plaintiff could not perform her past relevant work as a babysitter. (T at 25).

However, considering Plaintiff's age (29 on the alleged onset date), education (limited), work experience, and RFC, the ALJ determined that

there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 25).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between June 1, 2018 (the alleged onset date) and December 31, 2023 (the date last insured). (T at 27).

On September 13, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 18, 2024. (Docket No. 1).  On March 26, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 15).  The Commissioner interposed a brief in opposition to the motion on May 30, 2025. (Docket No. 19).  On June 16, 2025, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 20).

## II.  APPLICABLE LAW

*A.    Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See *Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether the claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for

reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's

assessment of the medical opinion evidence was flawed.  Second, she

contends that the ALJ erred in discounting her subjective complaints.  The Court will address each argument in turn.

A.    *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion,

with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, the record contains multiple medical opinions regarding Plaintiff's physical and mental functioning.

### 1. Physical Functioning

Dr. Rami Ravi performed a consultative examination in March of 2022.  He diagnosed fibromyalgia, neck pain, back pain, and arthritis and characterized Plaintiff's prognosis as "guarded." (T at 1056-57).  Dr. Ravi opined that Plaintiff had no limitation with respect to sitting, but moderate impairment as to standing, walking, bending, overhead reaching bilaterally, pushing, pulling, lifting, and carrying. (T at 1057).

In May of 2022, Dr. A. Vinluan, a non-examining State Agency review physician, opined that Plaintiff could perform a range of light work, including lifting and carrying up to 20 pounds occasionally and 10 pounds frequently; standing, walking, or sitting about six hours in an eight-hour workday; and occasionally climbing and stooping. (T at 103-05). Another State Agency review physician, Dr. S. Padmaraju, made essentially the same assessment in August of 2022. (T at 123-27).

The ALJ found Dr. Ravi's opinion persuasive. (T at 22).

Plaintiff argues that the moderate limitations assessed by Dr. Ravi are inconsistent with the ALJ's conclusion that she could perform a range of light work.  In addition, Plaintiff contends that the ALJ did not adequately account for Dr. Ravi's assessment of impairment in her ability to reach, push, pull, lift, and carry.

For the following reasons the Court finds the ALJ's consideration of the medical opinion evidence regarding Plaintiff's physical functioning supported by substantial evidence and consistent with applicable law.

First, "a number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work." *Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)(collecting cases); *see also Guzman v. Comm'r of Soc. Sec.*, No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6 (S.D.N.Y. July 29, 2022); *Lopez v. Berryhill*, 448 F. Supp. 3d 328, 345 (S.D.N.Y. 2020); *Katherine R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01055-MJR, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021)("[C]ourts within this Circuit have consistently held that mild and moderate limitations, such as those assessed by Dr. Liu, are consistent with an RFC for light work.").

Second, the ALJ relied on a reasonable reading of the record to conclude that Plaintiff retained the RFC to perform a reduced range of light work.  Dr. Ravi's examination showed some limited ranges of motion in the back and lower extremities, with full motor strength, no sensory deficit, and no muscle atrophy. (T at 22, 1056).  Treatment records included variable findings, with some degree of pain and limitation, but generally documented

full motor strength, full range of motion, and normal gait. (T at 22, 361, 462, 470, 479, 484, 1023, 1030, 1517, 1529).

Third, some support for the ALJ's decision is found in the assessments of the State Agency review physicians, both of whom concluded that Plaintiff could perform a range of light work. (T at 103-05, 123-27).  The ALJ found these opinions only partially persuasive, giving more weight to the evidence of pain and impairment, and incorporating additional limitations into the RFC determination. (T at 23). *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

Fourth, contrary to Plaintiff's contention, the ALJ did address the evidence of impairment regarding her ability to reach, push, pull, lift, and carry by incorporating limitations in all those domains in the RFC determination. (T at 20).

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683

F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Here, the ALJ's assessment of Plaintiff's ability to meet the physical demands of a reduced range of light work is supported by a reasonable reading of the record and appropriate reconciliation of the medical opinion evidence. It must therefore be sustained under the deferential standard of review applicable here.

### 2. Mental Functioning

Dr. Todd Deneen performed a consultative psychiatric evaluation in April of 2022.  He diagnosed unspecified depressive disorder and unspecified anxiety disorder and characterized Plaintiff's prognosis as "fair." (T at 1189).

Dr. Deneen opined that Plaintiff had no limitation in using reason and judgment for making work-related decisions; interacting adequately with supervisors, coworkers, and the public; maintaining personal hygiene and appropriate attire; and being aware of normal hazards and taking appropriate precautions. (T at 1188-89). He assessed mild limitation in Plaintiff's capacity for understanding, remembering or applying simple directions and instructions and sustaining an ordinary routine and regular attendance at work. (T at 1189).

Dr. Deneen assessed moderate limitation with respect to Plaintiff's ability to understand, remember, or apply complex directions and instructions; sustain concentration and perform a task at a consistent pace; and regulate emotions, control behavior, and maintain well-being. (T at 1189).

Dr. Deneen believed his evaluation was consistent with psychiatric and cognitive problems, but found that Plaintiff's mental health issues, by

themselves, were not significant enough to interfere with her ability to function on a daily basis. (T at 1189).

In May of 2022, Dr. L. Haus, a non-examining State Agency review consultant, opined that Plaintiff did not have a severe mental impairment. (T at 101).  This conclusion was affirmed by Dr. M. Juriga in August of 2022. (T at 119-21).

In June of 2022, Craig Lavin, a psychiatric-mental health nurse practitioner, completed an assessment form in which he stated that he had treated Plaintiff since December of 2021. (T at 1509).  He diagnosed bipolar depression and generalized anxiety disorder. (T at 1509).

Mr. Levin assessed no limitation in Plaintiff's ability to understand, remember, or apply information; mild impairment as to interacting with others; mild deficiencies of concentration, persistence, or pace; and mild limitation with respect to adapting or managing herself. (T at 1510).  He believed Plaintiff would be absent from work about 3 days per month due to psychiatric symptoms.  (T at 1511).

Mr. Levin also reported that Plaintiff had difficulties managing psychologically based symptoms, completing a normal workday and workweek without interruptions from her symptoms, and performing at a

consistent pace without an unreasonable number or length of rest periods. (T at 1513-14).

The ALJ found Mr. Levin's opinion unpersuasive; Dr. Deneen's assessment "partially persuasive;" and the State Agency review physicians' opinions unpersuasive. (T at 24).

While the ALJ's specific discussion of the medical opinion evidence regarding mental functioning is not a model of clarity, as it is unclear precisely which aspects of the treating and examining opinions the ALJ found unpersuasive, the Court, nonetheless, finds this error harmless. The reason the error is harmless is because the ALJ's rationale can be readily gleaned from a review of the entire decision and the ultimate conclusion that Plaintiff retained the RFC to meet the mental demands of a reduced range of work is supported by substantial evidence. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision.'")(quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

The ALJ found that Plaintiff had no limitation in understanding, remembering, or applying information; no limitation interacting with others; moderate impairment as to concentrating, persisting, or maintaining pace;

and moderate limitation with respect to adapting or managing herself. (T at 19).

Notably, this assessment is more restrictive than the State Agency review physicians' opinions (both of whom found no severe mental impairment) and is generally consistent with, and supported by, the opinions of Dr. Deneen and Mr. Lavin, both of whom assessed mild to moderate impairment in the domains of mental functioning.

Further, the ALJ adequately accounted for the mild to moderate impairments in Plaintiff's mental functioning by limiting her to low stress jobs that allow her one unscheduled absence every 60 days and some off-task periods during the workday. (T at 20). *See Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases); *see also Campos v. Saul*, No. 18CV9809 (DF), 2020 WL 1285113, at *23 (S.D.N.Y. Mar. 18, 2020); *Stonick v. Saul*, No. 3:19-CV-01334 (TOF), 2020 WL 6129339, at *13 (D. Conn. Oct. 19, 2020).

In addition, the ALJ's assessment of Plaintiff's mental functioning is supported by a reasonable reading of the record.  Although Plaintiff consistently experienced symptoms of depression and anxiety, and sought treatment for those symptoms, the mental status examination findings generally described Plaintiff as cooperative, displaying appropriate affect and mood, and capable of normal thought content and cognition. (T at 23-24, 1420, 1462, 1506, 1529, 1581, 1585, 1602, 1610-11, 1652-53, 1665, 1680).

Although ALJs must be careful not to overrate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support the conclusion that the claimant can meet the mental demands of a reduced range of work. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec*., No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with

largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

### B.    Subjective Complaints

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted).

Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any

treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: She completed the eleventh grade. (T at 40).  She worked during 2020 but stopped due to back and neck pain. (T at 41-42, 69-73).  She suffers from severe wrist, back and neck pain; migraines; vertigo; and mental problems. (T at 43-44). Back pain is constant and forces her to lay down daily for 60-90 minutes at a time. (T at 44-45).  Prolonged sitting, walking, and standing are painful. (T at 45-46).  She is limited to lifting about 10 pounds. (T at 46-47).  Wrist and hand pain make holding objects difficult. (T at 48-49).  She experiences debilitating migraines about once a week. (T at 49-50).  She avoids leaving

home due to panic attacks. (T at 51-52). Her children perform the household chores. (T at 52-53).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 21).

For the following reasons, the Court finds the ALJ's decision to discount Plaintiff's credibility is supported by substantial evidence and is consistent with applicable law.

First, the ALJ determined that Plaintiff's complaints of disabling physical pain and psychological imitation were not supported by the treatment record and medical opinion evidence, which, as set forth above, the ALJ reasonably read as consistent with the ability to perform a reduced range of light work, with significant accommodations related to both physical and mental demands.

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment record. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ.

6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016);
*Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS
62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, the ALJ considered Plaintiff's activities of daily living, which
included some work activity and childcare during the period at issue. (T at
24-25). *See Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir.
2010)(affirming ALJ's credibility determination in light of "substantial
evidence … showing that [claimant] was relatively 'mobile and functional,'
and that … allegations of disability contradicted the broader evidence");
*Ashby v. Astrue*, No. 11 Civ. 02010, 2012 U.S. Dist. LEXIS 89135, at *43-
44 (S.D.N.Y. Mar. 27, 2012)("As it appears that, in making his credibility
assessment, the ALJ appropriately considered Plaintiff's ability to engage in
certain daily activities as one factor, among others suggested by the
regulations, this Court finds no legal error in this aspect of the ALJ's
analysis.").

While Plaintiff suffers from pain and limitation the ALJ did not dismiss
Plaintiff's subjective complaints and, instead, found her limited to a reduced
range of light work. (T at 20).

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment record, appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living.

This is sufficient to sustain the disability determination under the deferential standard of review applicable here. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED and this case is DISMISSED. The

Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.


Dated: November 2, 2025                    *s/ Gary R. Jones*
                                           GARY R. JONES
                                           United States Magistrate Judge